UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN SMITH,

    Plaintiff,

    v.

JOHN DOES 1-10, et al.,

    Defendants.

_____/

No. C 10-0996 PJH

**ORDER DISMISSING COMPLAINT**

    Plaintiff is before the court once again, after having failed to successfully serve the defendants in this action.  As has previously been noted by the court, the original complaint was filed on March 8, 2010, against "John Does 1-10 d/b/a Straighttalknews.org."  Plaintiff requested leave to proceed in forma pauperis ("IFP"), and that request was granted on June 8, 2010.  The order stated that "the U.S. Marshal for the Northern District of California [shall] serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit and this order upon the defendant."  On June 9, 2010, the clerk sent the first letter to plaintiff requesting addresses of defendants, so that they could be served by the U.S. Marshal.  Plaintiff did not respond to this letter.

    Plaintiff did, however, file a request for leave to subpoena records, stating that she needed to do so in order to learn the identity of the defendants.  That request was granted on June 17, 2010.  Plaintiff filed a second, similar request, which was granted on September 27, 2010.

    Between May 2010 and February 2011, plaintiff filed five requests to continue the date for the initial case management conference.  In the first, second, and third requests, filed May 28, 2010, August 5, 2010, and October 14, 2010, she stated that "DOE

Defendant" had not yet been served. In the fourth request, filed December 27, 2010, she stated that "Defendants" had been identified [and] served," and that "return of waiver of service of summons is pending." In the fifth request, filed February 2, 2011, she stated that "Doe Defendant" had "not yet responded."

During the same period, plaintiff also filed three requests for extensions of time for service. All three were granted – the last one on November 19, 2010.

On February 11, 2011, plaintiff filed a request for leave to amend the complaint, stating that she had "uncovered true individual and corporate identities of the primary Doe Defendants." The court granted the request, and on February 18, 2011, plaintiff filed a first amended complaint, adding defendants "Howard Elan, a.k.a. Elan and Reverend Oracle, husband and wife; Breakthrough International, Inc., and Elan as President of Breakthrough International."

On February 22, 2011, the clerk sent plaintiff another letter requesting the addresses of defendants for service. Plaintiff responded to the letter on March 11, 2011.

The U.S. Marshal attempted service of the summons and complaint at the address plaintiff provided for defendants Howard Elan, Reverend Oracle, and Breakthrough International, Inc., but was unable to effectuate service. The summonses were returned unexecuted as to Howard Elan and Reverend Oracle on March 30, 2011, and as to Breakthrough on May 5, 2011.

On May 10, 2011, the court issued an order to show cause why plaintiff's complaint should not be dismissed for failure to prosecute, in view of plaintiff's failure to comply with Rule 4(m). On May 27, 2011, before the order to show cause could be held, plaintiff filed a motion for service by publication on one defendant – Howard Elan.

On June 2, 2011, the court held its show cause hearing, discharged the order, and allowed plaintiff yet another extension of time – until July 5, 2011 – in which to complete service of process. By that date, the court ruled, plaintiff must either provide the clerk with defendants' current addresses (to be forwarded to the U.S. Marshal's Office for service), or

plaintiff could effectuate service of process independently.  Alternatively, plaintiff could file a renewed motion for an order for service by publication pursuant to California Code of Civil Procedure § 415.50 (to that end, the court denied plaintiff's pending motion for service by publication without prejudice).

Following the show cause hearing, on June 22, 2011, a summons was once again issued as to defendants Howard Elan and Breakthrough International.  On July 12, 2011, however, the summons were returned unexecuted yet again.  This time, the U.S. Marshal stated that service had been attempted but that the current occupant stated that the "subject has not lived at the address for the last 2 years."  The subject's "new address" is listed as "possibly [New Zealand]."

Since the unexecuted return of the summons on July 12, plaintiff has filed no further proofs of service, nor has plaintiff filed any renewed motion for service by publication.  It is now approaching nearly two years since the complaint was filed, and the defendants still have not been served.  The court has extended the time for service multiple times, but plaintiff has failed to satisfy her obligation to provide the court with an accurate address at which the defendants can be served by the U.S. Marshal.  Nor has plaintiff satisfied her obligation to alternatively file a renewed motion for service by publication.

Accordingly, and for the foregoing reasons, the court hereby DISMISSES plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m), for failure to serve all defendants.  The dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: December 13, 2011

PHYLLIS J. HAMILTON
United States District Judge

3