**United States District Court**
For the Northern District of California

1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7    GWENDOLYN SMITH,

8              Plaintiff,                    No. C 10-0996 PJH

9         v.                                 **ORDER DISMISSING**
                                             **COMPLAINT**
10   JOHN DOES 1-10, et al.,

11            Defendants.

12   _____/

13         Plaintiff is before the court once again, after having failed to successfully serve the

14   defendants in this action.  As has previously been noted by the court, the original complaint

15   was filed on March 8, 2010, against "John Does 1-10 d/b/a Straighttalknews.org."  Plaintiff

16   requested leave to proceed in forma pauperis ("IFP"), and that request was granted on

17   June 8, 2010.  The order stated that "the U.S. Marshal for the Northern District of California

18   [shall] serve, without prepayment of fees, a copy of the complaint, any amendments,

19   scheduling orders, attachments, plaintiff's affidavit and this order upon the defendant."  On

20   June 9, 2010, the clerk sent the first letter to plaintiff requesting addresses of defendants,

21   so that they could be served by the U.S. Marshal.  Plaintiff did not respond to this letter.

22         Plaintiff did, however, file a request for leave to subpoena records, stating that she

23   needed to do so in order to learn the identity of the defendants.  That request was granted

24   on June 17, 2010.  Plaintiff filed a second, similar request, which was granted on

25   September 27, 2010.

26         Between May 2010 and February 2011, plaintiff filed five requests to continue the

27   date for the initial case management conference.  In the first, second, and third requests,

28   filed May 28, 2010, August 5, 2010, and October 14, 2010, she stated that "DOE

1  Defendant" had not yet been served.  In the fourth request, filed December 27, 2010, she

2  stated that "Defendants" had been identified [and] served," and that "return of waiver of

3  service of summons is pending."  In the fifth request, filed February 2, 2011, she stated that

4  "Doe Defendant" had "not yet responded."

5      During the same period, plaintiff also filed three requests for extensions of time for

6  service.  All three were granted – the last one on November 19, 2010.

7      On February 11, 2011, plaintiff filed a request for leave to amend the complaint,

8  stating that she had "uncovered true individual and corporate identities of the primary Doe

9  Defendants."  The court granted the request, and on February 18, 2011, plaintiff filed a first

10  amended complaint, adding defendants "Howard Elan, a.k.a. Elan and Reverend Oracle,

11  husband and wife; Breakthrough International, Inc., and Elan as President of Breakthrough

12  International."

13      On February 22, 2011, the clerk sent plaintiff another letter requesting the addresses

14  of defendants for service.  Plaintiff responded to the letter on March 11, 2011.

15      The U.S. Marshal attempted service of the summons and complaint at the address

16  plaintiff provided for defendants Howard Elan, Reverend Oracle, and Breakthrough

17  International, Inc., but was unable to effectuate service.  The summonses were returned

18  unexecuted as to Howard Elan and Reverend Oracle on March 30, 2011, and as to

19  Breakthrough on May 5, 2011.

20      On May 10, 2011, the court issued an order to show cause why plaintiff's complaint

21  should not be dismissed for failure to prosecute, in view of plaintiff's failure to comply with

22  Rule 4(m).  On May 27, 2011, before the order to show cause could be held, plaintiff filed a

23  motion for service by publication on one defendant – Howard Elan.

24      On June 2, 2011, the court held its show cause hearing, discharged the order, and

25  allowed plaintiff yet another extension of time – until July 5, 2011 – in which to complete

26  service of process.  By that date, the court ruled, plaintiff must either provide the clerk with

27  defendants' current addresses (to be forwarded to the U.S. Marshal's Office for service), or

28

2

plaintiff could effectuate service of process independently.  Alternatively, plaintiff could file a renewed motion for an order for service by publication pursuant to California Code of Civil Procedure § 415.50 (to that end, the court denied plaintiff's pending motion for service by publication without prejudice).

Following the show cause hearing, on June 22, 2011, a summons was once again issued as to defendants Howard Elan and Breakthrough International.  On July 12, 2011, however, the summons were returned unexecuted yet again.  This time, the U.S. Marshal stated that service had been attempted but that the current occupant stated that the "subject has not lived at the address for the last 2 years."  The subject's "new address" is listed as "possibly [New Zealand]."

Since the unexecuted return of the summons on July 12, plaintiff has filed no further proofs of service, nor has plaintiff filed any renewed motion for service by publication.  It is now approaching nearly two years since the complaint was filed, and the defendants still have not been served.  The court has extended the time for service multiple times, but plaintiff has failed to satisfy her obligation to provide the court with an accurate address at which the defendants can be served by the U.S. Marshal.  Nor has plaintiff satisfied her obligation to alternatively file a renewed motion for service by publication.

Accordingly, and for the foregoing reasons, the court hereby DISMISSES plaintiff's complaint pursuant to Federal Rule of Civil Procedure 4(m), for failure to serve all defendants.  The dismissal is without prejudice.

**IT IS SO ORDERED.**

Dated: December 13, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge

United States District Court
For the Northern District of California

3