UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GWENDOLYN SMITH,

    Plaintiff,

    v.

JOHN DOES 1-10 d/b/a Straighttalknews.org, et al.,

    Defendant(s).
_____/

No. C 10-0996 PJH

**ORDER DENYING MOTION TO RECONSIDER/VACATE JUDGMENT**

    The court is in receipt of plaintiff's motion to reconsider/vacate the judgment previously entered by the court on December 13, 2011. Plaintiff requests that the court reconsider its decision to dismiss plaintiff's complaint, without prejudice, for failure to effect service of process. As grounds for her motion, plaintiff contends that she was not aware that ineffective service of process would result in dismissal of her case; that dismissal for failure to prosecute is not justified based upon delay here; and that dismissal for failure to effect service of process was inappropriate, since alternative means were available to serve defendants.

    Plaintiff's motion is unpersuasive. The court's previous dismissal was not, as plaintiff's motion asserts, for failure to prosecute the instant action under Federal Rule of Civil Procedure ("FRCP") 41(b), but rather for failure to effect service of process pursuant to FRCP 4(m). As has been documented by the court on prior occasions, plaintiff was granted multiple extensions of time in which to serve defendants, over the course of nearly one and a half years, and on June 2, 2011, after an order to show cause had issued, plaintiff was granted a further and final extension of time in which to complete service of process through specified options. While plaintiff did attempt to compete service of process

following the June OSC hearing, plaintiff's summons was returned unexecuted on July 12, 2011. Yet, notwithstanding the clear failure of service in July 2011 (which plaintiff does not dispute she had knowledge of), plaintiff took no further action to serve defendants, nor did plaintiff request any relief from the court, until an additional nearly 6 months had passed, and after the court finally issued its order dismissing the action – without prejudice – pursuant to Rule 4(m).

Moreover, plaintiff fails to adequately establish in her papers grounds demonstrating excusable neglect for her failure to effect service of process at any time prior to the court's dismissal, that defendants have received actual notice of the lawsuit, or that she has or will experience severe prejudice as a result of dismissal. See, e.g., Boudette v. Barnette, 923 F.2d 754, 755-56 (9th Cir. 1991).

A final opportunity means exactly that. Plaintiff's motion is DENIED.

**IT IS SO ORDERED.**

Dated: January 24, 2012

PHYLLIS J. HAMILTON
United States District Judge

2